UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN LOUGHRY, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION LLC.; EQUIFAX INFORMATION SERVICES, LLC; | ) COMPLAINT |
| Defendants. | ) |

Plaintiff alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' willful and reckless conduct concerning its erroneous credit reporting on Plaintiff's credit reports.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Maryann Loughry is a natural person, who at all relevant times has resided in Broomall, Pennsylvania.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 475 Anton Blvd. Costa Mesa, California 92626. Experian is a "consumer reporting agency," as defined in 15

1

U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant Trans Union, LLC ("TransUnion") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 1550 Peachtree Street NW, Atlanta GA 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

8. Defendants have been issuing inaccurate credit reports concerning Plaintiff since at least November 2019.

9. The errors are extensive.

10. Trans Union has reported Plaintiff as deceased.

11. Each of Trans Union, Equifax, and Experian have reported accounts that do not belong to Plaintiff including the following accounts:

   a. Synchrony Bank

   b. Bonton

   c. Walmart

   d. Macys

   e. PNC Bank

   f. M&T Bank

   g. Sams

   h. BryHome

   i. US Bank

   j. Peebles

   k. Barclays

   l. Sears

12. On or about November 2019, Plaintiff began disputing these accounts with the credit agency Defendants.

13. Despite her disputes, Defendants kept reporting the erroneous information.

14. Plaintiff made subsequent disputes as well, but the errors remained.

15. Upon information and belief, each of Defendants provided Plaintiff's credit information to the third parties listed above, amongst others, without Plaintiff's consent.

16. Plaintiff has been deprived of numerous credit opportunities as a result of these errors.

17. Plaintiff brings this suit to seek damages and ensure her credit file stops being mixed with other consumers, now and forever.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**AS TO EXPERIAN INFORMATION SOLUTIONS INC.**

18. Plaintiff repeats, realleges, and reasserts the allegations contained above and incorporates them as if specifically set forth at length herein.

19. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

20. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

21. Experian also failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681i.

22. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages and emotional distress.

23. Experian's conduct, action and inaction was willful and with malice, rendering each liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff pray that this court grant them a judgment against Experian, for the greater of statutory or actual damages, plus punitive damages provided for by the FCRA.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## AS TO TRANSUNION LLC.

24. Plaintiff repeats, realleges, and reasserts the allegations contained above and incorporates them as if specifically set forth at length herein.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

26. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

27. Trans Union also failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681i.

28. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages and emotional distress.

29. Trans Union's conduct, action and inaction was willful and with malice, rendering each liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Trans Union was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff pray that this court grant them a judgment against Trans Union, for the greater of statutory or actual damages, plus punitive damages provided for by the FCRA.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX INFORMATION SERVICES LLC.

30. Plaintiff repeats, realleges, and reasserts the allegations contained above and incorporates them as if specifically set forth at length herein.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

32. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

33. Equifax also failed to conduct a reasonable investigation, in violation of 15 U.S.C. § 1681i.

34. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages and emotional distress.

35. Equifax's conduct, action and inaction was willful and with malice, rendering each liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff pray that this court grant them a judgment against Trans Union, for the greater of statutory or actual damages, plus punitive damages provided for by the FCRA.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated this 20th day of August, 2021.

Respectfully Submitted,

/s/Nicholas Linker          .
Nicholas Linker
ZEMEL LAW, LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
nl@zemellawllc.com